IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED HERITAGE PROPERTY & CASUALTY COMPANY,<br><br>Petitioner. | Case No. 6:18-mc-00285-AA<br>**OPINION AND ORDER** |

AIKEN, Judge:

This case arises out of a claim for insurance coverage after a house fire completely destroyed the home of George Moore and Kimberly Patton. The insurer, petitioner United Heritage Property & Casualty Company, filed an *ex parte* verified petition for an order granting it the right to inspect Mr. Moore's and Ms. Patton's cell records. I held a hearing on May 30, 2018. Although Mr. Moore and Ms. Patton received notice of the hearing, they did not appear. For the reasons set forth below, the petition is denied and this case is dismissed.

United Heritage filed its petition under Federal Rule of Civil Procedure 27, Federal Rule of Civil Procedure 34, and *Martin v. Reynolds Metals Corp.*, 297 F.2d 49 (9th Cir. 1961). Rule 27, titled "Depositions to Perpetuate Testimony," provides that "[a] person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition . . . ask[ing] for an order authorizing the petitioner to depose the named persons in order

to perpetuate their testimony." Fed. R. Civ. P. 27(a)(1). Such a petition is appropriate only when "the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought." Fed. R. Civ. P. 27(a)(1)(A). Rule 34 governs the production of documents, electronically stored information, and tangible things for inspection.

In *Martin*, the Ninth Circuit held that Rules 27 and 34, together, authorize pre-suit orders to perpetuate evidence "likely to be lost or concealed[.]" *Martin*, 297 F.2d at 56. That case concerned an aluminum reduction plant near Troutdale, Oregon. Cattle ranchers with property near the plant claimed that "fluorides emanating from the Reynolds' plant ha[d] been discharged on their lands and into the water thereon, and their cattle ha[d] been injured by eating vegetation and drinking water contaminated by the fluorides." *Id.* at 52. The ranchers claimed that the pollution caused the death of 174 cattle over a two-year span. Reynolds expected the ranchers to sue, but had no grounds on which to file its own lawsuit. It therefore filed a petition for an order permitting it to have an expert inspect the cattle (both living and dead) and to take samples of blood, urine, feed, air, water, soil, and vegetation. The court granted the petitioner, holding that Reynolds had satisfied the requirements of Rules 27 and 34 and shown that perpetuation of the physical evidence was warranted.

In this case, petitioner suspects that the house fire was an arson and that Mr. Moore and/or Ms. Patton had something to do with setting the fire. The Roseburg Fire Department called the fire suspicious. United Heritage states that it examined Mr. Moore and Ms. Patton under oath and that they made inconsistent statements about, among other things, (1) phone calls they made and received soon after the fire was discovered and (2) their location in the days and hours leading up to the fire. According to United Heritage, Mr. Moore and Ms. Patton also made

statements about their phone calls the day of the fire that conflict with Roseburg Police Department records. United Heritage wants to obtain cell phone records from U.S. Cellular and Straight Talk Wireless in order to complete its investigation into Mr. Moore's and Ms. Patton's insurance claim. The fire took place on October 22, 2017; United Heritage seeks cell records for a three-month period, from October 1 to December 31, 2017.

Federal Rule of Civil Procedure 27(a)(1)(C) requires a person who wants to perpetuate testimony to state the reasons that perpetuation is necessary. The Third Circuit has held that, absent the risk evidence will change or degrade, Rule 27 is not satisfied because there is no need to "perpetuate" anything. *Ash v. Cort*, 512 F.2d 909, 911 (3d Cir. 1975); *see also State of Nev. v. O'Leary*, 63 F.3d 932, 936 (9th Cir. 1995) (citing *Ash* with approval). The Ninth Circuit's approval of the petition in *Martin* is consistent with that reasoning; an order to permit inspection was appropriate in *Martin* because the physical evidence could be lost (the ranchers were disposing of dead cattle without permitting Reynolds to perform autopsies) or deteriorate (presumably, evidence of fluoride in cattle blood, cattle urine, soil, or vegetation would degrade over time). Here, by contrast, petitioner has introduced no evidence that the phone records are at risk of being altered, lost, or destroyed. At the hearing, counsel for petitioner conceded that he had no information about the data retention policies of U.S. Cellular and Straight Talk Wireless. I find that petitioner has failed to carry its burden to set forth sufficient justification to perpetuate Mr. Moore's and Ms. Patton's cell records.

Federal Rule of Civil Procedure 27(a)(1)(C) also requires the person seeking to perpetuate evidence to describe the facts sought to be established through the perpetuated testimony. The U.S. District Court for the District of New Mexico recently denied a Rule 27/Rule 34 petition that, like the one at issue here, sought production of phone records in

connection with an insurance claim investigation following a house fire. *Pacific Indem. Co.*, 2013 WL 12329887, *5 (D.N.M. July 15, 2013). The petitioner-insurance company sought records that would "reflect the communications made by [the insured] during the period before and after the fire which is the subject of [his] insurance claim." *Id.* The court found that description insufficient for two reasons:

> First, the request asks for *all* cell phone records regarding phone calls made and received during a certain period of time. Second, and more importantly, the request fails to describe or identify the substance of the evidence it seeks to preserve from the cell phone records. Put bluntly, the Petitioner wants to go on a fishing expedition to see if [the insured]'s cell phone records reveal phone calls to a putative arsonist who could be responsible for the house fire suffered by [the insured]. Thus, Petitioner seeks to discover or uncover evidence, not perpetuate it.

*Id.*

I find the reasoning of *Pacific Indemnity* persuasive and apply it here. Like in *Pacific Indemnity*, petitioner seeks *all* phone records from a particular period of time. Also like in *Pacific Indemnity*, petitioner does not describe in any detail the substance of the evidence it seeks to access; rather, petitioner surmises that the phone records may shed light on alleged inconsistencies in Mr. Moore's and Ms. Patton's sworn statements. I find that petitioner's request is overbroad and that petition has failed to carry its burden to describe with sufficient specificity the evidence it seeks to perpetuate.

Rule 27 is not "a substitute for general discovery." *O'Leary*, 63 F.3d at 936 (citing *Ash*, 512 F.2d at 912). Granting the petition here would permit petitioner to leverage the considerable power of civil discovery to assist in the investigation of an insurance claim. That is not the purpose of Rule 27.

The Verified Petition for Order to Inspect Cell Phone Records Pursuant to FRCP 27 (doc.1) is DENIED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 20 day of May 2018.

                                                  /s/ Ann Aiken
                                                  Ann Aiken
                                          United States District Judge